# EXHIBIT B

**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Stuart A. Davidson
sdavidson@rgrdlaw.com

October 27, 2022

<u>VIA CERTIFIED MAIL</u>

Gregory Shewchuk
Chief Executive Officer
BEFORE Brands, Inc. d/b/a SpoonfulONE
1160 Chestnut Street
Menlo Park, California 94025-4312

    Re:    *Harris, et al., Individually and on Behalf of All Others Similarly Situated v. BEFORE Brands, Inc. d/b/a SpoonfulONE*

Dear Mr. Shewchuk:

    This firm represents VaShondra Harris, Damany Browne, Tiffany Weber, Heather C. MacLean, and Sonia Fowler (collectively, "Plaintiffs"), who purchased one or more of BEFORE Brands, Inc. d/b/a SpoonfulONE's ("SpoonfulONE" or "Company") Puffs, Crunchy Puffs, and Oat Crackers (collectively, "SpoonfulONE Products" or "Products").

    We write on behalf of Plaintiffs and other similarly situated consumers who purchased your Company's Products to: (1) make a demand for damages pursuant to CAL. CIV. CODE §1782 of the California Consumers Legal Remedies Act ("CLRA"), TEX. BUS. & COM. CODE §17.505(a), and ALA. CODE §8-19-10; and (2) notify SpoonfulONE that it has breached express and implied warranties and engaged in other unlawful acts and practices in connection with the Company's design, manufacture, sale, marketing, advertising, promotion, testing, labeling, packaging, handling, and distribution of the SpoonfulONE Products.

    The CLRA prohibits "unfair or deceptive acts or practices ... in the sale ... of good or services to any consumer." Similarly, the Texas Deceptive Trade Practices – Consumer Protection Act ("TDPA"), Tex. Bus. & Com. Code §17.46, prohibits "false, misleading, or deceptive acts or practices." And the Alabama Deceptive Trade Practices Act ("ADTPA"), ALA. CODE §8-19-5, prohibits "deceptive acts or practices in the conduct of trade or commerce."

    Plaintiffs allege that SpoonfulONE violated the CLRA, TDPA, and ADTPA, among other laws, by making numerous false and deceptive advertising statements, including, but not limited to:

**Robbins Geller**
**Rudman & Dowd** LLP

Gregory Shewchuk
Chief Executive Officer
BEFORE Brands, Inc. d/b/a SpoonfulONE
October 27, 2022
Page 2

- The Products are "The Most Complete Way to Introduce Food Allergens."

- The Products "Include[] 16 foods associated with over 90% of food allergens."

- "SpoonfulONE is a science-based nutrition that works in the tummy to help introduce common food allergens early during the immune system's development."

- "SpoonfulONE is the most complete way to introduce food allergens and each product includes the same spoonful of the 16 foods associated with over 90% of food allergies."

- SpoonfulONE "precisely portioned the amount of proteins (30mg) in SpoonfulONE so that each serving is large enough to safely increase the production of lgG4 (good, protective antibodies)."

- "Each serving of SpoonfulOne includes the 9 food groups associated with over 90% of food allergies to help babies' immune systems build tolerance over time."

- SpoonfulONE's "rigorous approach to testing sets the standard of protein validation and safety for infants."

- SpoonfulONE Products are "tested up to 3 times (each individual ingredient, after blending, and final product) to ensure it meets or exceeds national and international standards for food safety and protein integrity."

This systemic misrepresentations and deceptions constitutes unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by SpoonfulONE, for the purpose of luring consumers into purchasing your Company's Products. These misrepresentations and deceptions are made even more disturbing because they create a serious safety risk to the health and welfare of the public insofar as SpoonfulONE lulled consumers into believing (falsely) that they were introducing food allergen proteins to their infants to promote tolerance to food allergies.

Plaintiffs are several of the many consumers that suffered damages when they purchased your Company's Products based on advertising and marketing that a reasonable consumer would be deceived by. Plaintiffs' full claims, including the facts and circumstances surrounding those claims, are detailed Plaintiffs' Class Action Complaint ("Complaint"), enclosed herewith.

**Robbins Geller Rudman & Dowd LLP**

Gregory Shewchuk
Chief Executive Officer
BEFORE Brands, Inc. d/b/a SpoonfulONE
October 27, 2022
Page 3

SpoonfulONE's alleged conduct and practices constitute a violation of California Civil Code §1770(a) under, *inter alia*, the following subdivisions:

(a)(2) "Misrepresenting the . . . certification of goods . . .";

(a)(5) "Representing that goods . . . have . . . approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . .";

(a)(7) "Representing that goods . . . are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"; and

(a)(9) "Advertising goods . . . with intent not to sell them as advertised."

SpoonfulONE's alleged conduct also violates the TDPA, under the following subsections of §17.46:

(2) "causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services";

(5) "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .";

(7) "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another";

(9) "advertising goods or services with intent not to sell them as advertised"; and

(24) "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed."

SpoonfulONE's alleged conduct also violates the ADTPA, under the following subsections of §8-19-5:

(2) "[c]ausing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services";

**Robbins Geller Rudman & Dowd LLP**

Gregory Shewchuk
Chief Executive Officer
BEFORE Brands, Inc. d/b/a SpoonfulONE
October 27, 2022
Page 4

(5) "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .";

(7) "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"; and

(9) "advertising goods or services with intent not to sell them as advertised."

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to CAL. CIV. CODE §1782, TEX. BUS. & COM. CODE §17.505(a), and ALA. CODE §8-19-10(e),[1] we hereby demand on behalf of our clients and all others similarly situated that SpoonfulONE immediately correct and rectify the violations of the CLRA and TDPA by ceasing making false and deceptive claims about its Products.

In addition, we hereby demand that SpoonfulONE provide complete monetary relief to Plaintiffs and all similarly situated consumers, plus reimbursement for interest, costs, and fees.

Plaintiffs will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address this problem immediately.

Moreover, pursuant to the warranty laws of all 50 states of the United States, the District of Columbia, and Puerto Rico, this Notice is being served on behalf of all Plaintiffs and members of the Classes (defined in the Complaint) who will seek damages, injunctive relief, and the full panoply of remedies available under those laws, unless SpoonfulONE cures the violations referenced herein and provides the following remedies on a class-wide basis: (1) make full restitution of all purchase money obtained from the sales of the Products to Plaintiffs and members of the Classes; (2) reimburse Plaintiffs and members of the Classes for incidental and consequential damages; and (3) cease and desist from all further breaches of warranty.

---

[1] Plaintiffs do not concede that the notice requirement under the ADTPA applies insofar as it expressly exempts companies, like SpoonfulONE, that have their principal place of business outside of Alabama and have no assets in Alabama.

**Robbins Geller**
**Rudman & Dowd** LLP

Gregory Shewchuk
Chief Executive Officer
BEFORE Brands, Inc. d/b/a SpoonfulONE
October 27, 2022
Page 5

      If you would like to discuss resolving these violations on a class-wide basis without the need for further litigation, I invite you to contact me at any time.  Please be advised that SpoonfulONE's failure to comply with the above demands within 30 days from the date of this Notice may subject the Company to liability for Class members' damages (including punitive damages as may be appropriate), costs, and attorneys' fees as a result of SpoonfulONE's violations of the warranty and consumer protection laws of all 50 states of the United States, the District of Columbia, and Puerto Rico.

Very truly yours,

STUART A. DAVIDSON

:sd
Enclosure

cc:    Sharan Saduera
        Head of UK Medical Affairs
        Nestlé UK Limited
        1 City Place
        Gatwick
        West Sussex
        RH6 0PA